UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

DENNIS M. BROWN,                                        05-CV-0262E(F)

                    Plaintiff,

        -vs-                                             MEMORANDUM

JO ANNE BARNHART, Commissioner                                    and
   of the Social Security Administration,
                                                        ORDER[1]
                    Defendant.

———————————————————————

## INTRODUCTION & BACKGROUND

Plaintiff Dennis M. Brown challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since September 8, 2001 due to cancer and the treatments relative thereto, gastro-esophageal reflux disease, hypertension and obesity. Plaintiff contends that his impairment has rendered him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

Plaintiff filed an application for Disability Insurance benefits on January 22, 2003. The Social Security Administration denied his initial application and thereafter, pursuant to plaintiff's request, an administrative hearing was held before Administrative Law Judge ("ALJ") John J. Mulrooney, II, on October 4,

———————————————

[1]This decision may be cited in whole or in any part.

2004 at which time plaintiff appeared, with counsel.  The only testimony taken was that from the plaintiff and a vocational expert.  The ALJ considered the case *de novo*, and on October 20, 2004, issued a decision also denying plaintiff's application.  On February 9, 2005, the Appeals Council denied plaintiff's request for review.  The ALJ's October 20, 2004 decision became the Commissioner's final decision in this case when the Appeals Council denied plaintiff's request for review.  Plaintiff filed the current civil action on April 15, 2005, challenging the defendant Commissioner's final decision.

On June 17, 2005 the Administrative Record was filed with the Court and on September 9, 2005 the matter was referred to Magistrate Judge Leslie G. Foschio for review of all proceedings and to report and recommend regarding disposition.  On November 14, 2005, after the granting of various extensions of time relative thereto, the defendant filed a motion and supporting memorandum for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. ##10 and 11 respectively).  On April 20, 2006, Magistrate Judge Foschio granted plaintiff's motion for an extension of time to file his responding papers (Dkt. #13) and plaintiff was directed to file his response to defendant's motion by June 23, 2006.  No responding papers were filed and the matter is now before the Court for decision.  This Court now rescinds the referral order  and shall

determine the matter based upon the record and a thorough review of the parties'
filings herein.

## **DISCUSSION**

A court reviewing a denial of disability benefits may not determine *de novo*
whether an individual is disabled.  *See* 42 U.S.C. §§405(g), 1383(c)(3); *Wagner* v.
*Sec'y of Health and Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the
Commissioner's final decision will be reversed only if it is not supported by
substantial evidence or there has been a legal error.  *See Grey* v. *Heckler*, 721 F.2d
41, 46 (2d Cir. 1983).  Substantial evidence is that which amounts to "more than
a mere scintilla" and it has been defined as "such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion." *Richardson*
v. *Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).  Where evidence is
deemed susceptible to more than one rational interpretation, the Commissioner's
findings (as stated by the ALJ), must be upheld.  *See Rutherford* v. *Schweiker*, 685
F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by
substantial evidence, a reviewing court considers the whole record, examining
the evidence from both sides, because an analysis of the substantiality of the
evidence must also include that which detracts from its weight." *Williams on
Behalf of Williams* v. *Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by

substantial evidence, the Commissioner's final decision must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ" from the Commissioner's or ALJ's. *Rosado* v. *Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford deference to the ALJ's determinations, upheld by the Commissioner, and will not substitute "its own judgment for that of the [Commissioner or ALJ], even if it might justifiably have reached a different result upon a *de novo* review." *Valente* v. *Sec'y of Health and Human Servs.,* 733 F.2d 1037, 1041 (2d Cir. 1984). However, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law that improperly disregards highly probative evidence. *Grey* v. *Heckler*, *supra* at 44; *Marcus* v. *Califano*, 615 F.2d 23, 27 (2d Cir.1979).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. *See* 20 C.F.R. §§404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in *Bowen* v. *Yuckert*, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291 (1987), and it remains the proper approach for analyzing whether a claimant is disabled. This five-step analysis is as follows:

(1) the first consideration is whether the claimant is currently performing substantial gainful work activity. If he is, he is not disabled;

(2) If the claimant is not currently performing substantial gainful work activity, the next consideration is whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities;

(3) If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the Commissioner will deem him disabled regardless of the his age, education or work experience;

(4) If the claimant does not have a listed impairment, the next inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity ("RFC") to perform his past relevant work.  If so, he is considered to be not disabled; and

(5) If the claimant is unable to perform his past relevant work, the Commissioner must then determine whether there is other work in significant numbers in the national economy which the claimant could perform.  If so, he is considered to be not disabled.  If not, he is determined to be disabled.

*Berry* v. *Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); *see also Rosa* v. *Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §404.1520.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth step.  *See Bowen*, *supra* at 146, fn.5; *Ferraris* v. *Heckler*, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth and final step

of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national or regional economy that a person having the claimant's qualifications could perform.  *See* 42 U.S.C. §423(d)(2)(A); 20 C.F.R. §404.1520(f); *Heckler* v. *Campbell*, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954 (1983).

The ALJ (and, hence, the Commissioner) in the instant case made the following findings with regard to the five-step analysis set forth above:

(1) Plaintiff had not engaged in substantial gainful work activity since the onset of his alleged disability[2] (R. at 15, 21)[3];

(2) Plaintiff's Stage III non-Hodgkin's lymphoma and obesity are "severe" impairments within the meaning of the Act, however, his gastro-esophageal reflux disease, borderline hypertension and shoulder separation (requiring surgery) are not (R. at 15, 21);

(3) Plaintiff's impairments, either singly or in combination, however, do not meet the criteria necessary for finding a disabling impairment as listed in Appendix 1 of the regulations (R. at 15, 21);

---

[2]Plaintiff's original application for benefits claimed an alleged disability onset date of September 8, 2001, however, in a later disability report an alleged onset date was listed as September 8, 2002.  The ALJ determined that claimant satisfied this element with respect to either date.

[3]Citations to the underlying administrative record are designated as "R."

(4) Plaintiff retains the residual functional capacity ("RFC") to "perform work at the sedentary exertional level but [could] only occasionally perform postural maneuvers such as balancing, stooping, kneeling, crouching, crawling and climbing, and can only occasionally push and pull with the right lower extremity to include the operation of pedals" and hence cannot perform his past relevant work as a carpenter and drywall applicator because they involve high and medium levels of exertion, respectively (R. at 18 - 19, 21); and

(5) Considering Plaintiff's status as a younger individual, his high school (or equivalent) education, no transferrable skills from past relevant work, and a RFC for sedentary work, the ALJ determined that Medical-Vocational Rule 201.28 directed a finding of "not disabled" because there were other jobs in significant numbers in the national economy which the claimant could perform consistent with his age, education and RFC (R. at 19 - 21).  Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time through the date of his October 20, 2004 decision.  (R. at 22).

In his complaint, plaintiff appeals the Commissioner's final decision, alleging two claims as follows:

> "The Commissioner's determination that the Plaintiff is
> not disabled as of his alleged onset date of September 8,
> 2001 is not supported by substantial evidence on the
> record as a whole.  He was found not disabled because
> controlling weight was not given to the treating
> physician's opinion and the judge felt there were

inconsistencies in the Plaintiff's testimony." (Dkt. #1, ¶15).

"The Commissioner's determination that the Plaintiff is not disabled is based on an error of law." (Dkt. #1, ¶16).

In her Answer, the defendant claims that plaintiff has not shown good cause pursuant to 42 U.S.C. §405(g) to warrant remand (Dkt. #4, ¶7) and, as an affirmative defense, alleges that the findings of fact of the Commissioner of Social Security are supported by substantial evidence and are conclusive (Dkt. #4, ¶13). In her motion for Judgment on the Pleadings, defendant reminds the Court of its limited scope of review and presents detailed argument regarding the affirmative defense that the Commissioner's determination was supported by substantial evidence (Dkt. #11).

Having reviewed the ALJ's decision and the record as a whole in light of plaintiff's claims and defendant's arguments in her motion, this Court finds no error in law in the ALJ's decision and also finds that it is supported by substantial evidence.

Plaintiff claims that the decision was not supported by substantial evidence because the ALJ failed to properly consider the opinion of his treating physician — *i.e.*, that the physician's opinion was not given controlling weight. According to the "treating physician rule," the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

with the other substantial evidence in [the] record."  20 C.F.R. §404.1527(d)(2); *see also Green-Younger* v. *Barnhart*, 335 F.3d 99, 106 (2003) ("SSA regulations advise claimants that a treating source's opinion on the issues of the nature and severity of impairments will be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record)(internal quotation marks omitted); *Shaw* v. *Chater*, 221 F.3d 126, 134 (2d Cir. 2000)(same)*; de Roman* v. *Barnhart*, 2003 WL 21511160, *9 (S.D.N.Y. 2003) ("The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. §404.1527 detailing the weight to be accorded a treating physician's opinion.").

Under 20 C.F.R. §404.1527(d)(1)-(6)**,** the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of opinion; (4) consistency; (5) specialization of treating physician; and (6) other factors that are brought to the attention of the court.  *See de Roman*, *supra* at*9; *Shaw, supra* at 134; *Clark* v. *Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).  Further, it must be noted that it is the sole responsibility of the ALJ to weigh all of the medical evidence and resolve any material conflicts in the record.  *See Richardson* v. *Perales*, 402

U.S. 389, 399, 91 S. Ct. 1420, 1426, (1971); *Aponte* v. *Sec'y of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984).

Having reviewed the evidence at issue, this Court detects no reversible error in the ALJ's assessment of the treating physicians' opinions in light of the objective medical findings in the record. The ALJ's decision reflects his evaluation of all of the medical evidence in the record (R. at 15 - 20). Further, the ALJ did not give controlling weight to one of plaintiff's treating physicians who opined that plaintiff had standing and walking limitations and would have to lie down and rest two to three times per day. In declining to give this opinion controlling weight, the ALJ found, *inter alia,* (1) that this opinion was contrary to other evidence such as medical reports of other doctors and physical examination reports, (2) that the physician's opinion was not within his area of specialty (he was a family practitioner opining on an area relative to oncology), (3) that the opinion was inconsistent with his treatment history and the opinion of the specialist, and (4) that the limitations described were inconsistent with plaintiff's daily living activities (R.at 18, 19). Based on this, the Court finds that the ALJ's decision not to give the treating physician's determination controlling weight properly considers the appropriate and relevant factors relevant factors set forth above and is not in error.

In his claim that the decision was not supported by substantial evidence, the plaintiff also states that the ALJ "felt there were inconsistencies in the

Plaintiff's testimony." There is no other evidence or argument submitted regarding this claim and the Court will construe it as a claim that the ALJ improperly evaluated plaintiff's credibility when he discredited his testimony regarding his complaints of pain and fatigue and resulting physical limitations.

An ALJ "has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment [regarding pain and limitations] in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *McLaughlin* v. *Sec'y of Health, Educ and Welfare*, 612 F.2d 701, 705 (2d Cir.1980), *quoting Marcus* v. *Califano*, *supra,* 615 F.2d at 27. In doing so, the ALJ must weigh the objective medical evidence in the record, plaintiff's demeanor, and other indicia of credibility and cannot disregard a claimant's subjective complaints of pain solely because there exists no objective evidence in support of such complaints. *Marcus, supra* (other citation omitted).

In the instant case, the ALJ found that plaintiff's subjective complaints, as well as his daily living activities, were inconsistent with an individual experiencing the debilitating symptomology claimed (R. at 17). The decision also stated that the objective medical evidence was inconsistent with an individual who is unable to perform any substantial gainful activity, as plaintiff had claimed (*Ibid*.). In making these determinations, the ALJ thoroughly discussed the evidence, cited to many exhibits and related the evidence to the relevant limitation claim (R. at 16 - 18). This evaluation included discussion of both the

- 11 -

absence of evidence to support the pain and limitation claims and the existence of evidence which is inconsistent with such claims.  The Court has reviewed the evidence herein and finds that the ALJ's evaluation and findings in this regard were both thorough and reasonable.  The ALJ exercised his discretion to evaluate the credibility of the plaintiff's testimony and his claims of limitation and rendered an independent judgement regarding the extent of plaintiff's symptoms based on the medical findings and other evidence.  The Court further finds that the ALJ's determination that plaintiff's claims regarding his symptoms of severe fatigue, leg swelling and pain and the substantial limitations connected thereto were not credible, was a properly evaluated determination within the ALJ's province as the trier of fact.  *See e.g., Dumas* v. *Schweiker*, 712 F.2d 1545, 1552 - 1553 (2d Cir. 1983).

After carefully examining the record herein, the Court finds that substantial evidence supports the ALJ's decision and that no legal error occurred in this case. It is clear to this Court that the ALJ thoroughly examined the record, afforded appropriate weight to all of the medical evidence, including plaintiff's treating physician, in rendering his decision that plaintiff was not disabled within the meaning of the Act.  Finding no reversible error and further finding that substantial evidence supports the ALJ's decision, the Court will grant defendant's Motion for Judgment on the Pleadings.  Therefore, it is accordingly

**ORDERED** that defendant's Motion for Judgment on the Pleadings (Dkt. #10) is **GRANTED** and that the Clerk of the Court is directed to take the necessary steps to close this case.

DATED:      Buffalo, N.Y.

February 28, 2007


_____/s/ John T. Elfvin_____
JOHN T. ELFVIN
S.U.S.D.J.